IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JACOB W. POPE                                                    PLAINTIFF

V.                          CASE NO. 3:14-CV-03104

SHERIFF JOHN MONTGOMERY,
Baxter County, Arkansas;
DANIELLE CAMPFIELD, Jail Administrator
for the Baxter County Detention Center; and
BAXTER COUNTY, ARKANSAS                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 52) of the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, submitted in this case on September 5, 2017, regarding a Motion for Summary Judgment (Doc. 44) filed by Defendants Sheriff John Montgomery, Jail Administrator Danielle Campfield, and Baxter County, Arkansas. The Magistrate Judge recommends granting Defendants' Motion. Plaintiff Jacob W. Pope filed objections to the R&R on October 26, 2017. (Doc. 57).[1]

The Court has conducted a *de novo* review as to all proposed findings and recommendations to which Mr. Pope has raised specific objections. *See* 28 U.S.C. § 636(b)(1). As explained herein, the objections are **OVERRULED**, and the R&R is **ADOPTED AS MODIFIED** below.

---

[1] Plaintiff twice requested and was granted a Motion for Extension of Time to File Response as to Report and Recommendations. (Doc. 53, 54, 55, 56).

## I. BACKGROUND

The events at the heart of this case began on Wednesday, December 12, 2012, when Plaintiff was arrested without a warrant on charges of terroristic threatening in Mountain Home, Arkansas. (Doc. 46-3, p. 17). An *ex parte* probable cause determination for the arrest was made by a judicial officer on December 13, 2012. *Id.* at 7-8. On December 14, 2012, the following things occurred: (1) bond was set at $50,000.00, (2) a criminal information was filed for the charge of terroristic threatening, and (3) a bench warrant issued. *Id.* at 6. The arrest warrant was executed and returned on December 18, 2012. *Id.* at 10. On December 19, 2012, Plaintiff filed a motion for a writ of habeas corpus (Doc. 48-1, p. 13) and a motion for bond reduction. *Id.* at 15. Plaintiff's initial appearance did not take place until December 19, 2012, and the amount of his bond was reduced at that time. Plaintiff posted bond that same day.

At the time of Plaintiff's arrest in 2012, General Order No. 13 "was in existence and being used as a guideline" in Baxter County even though it was not formally adopted by Sheriff Montgomery until 2013. (Doc. 46-2, p. 1). General Order No. 13 states the following County policy as to first appearances:

> 1. Every person arrested with or without a warrant who is not released by citation or other lawful manner is entitled to physically appear before a judicial officer without unnecessary delay so that the person can: i) have the charges read, ii) be told of his right to remain silent, iii) be told of his right to an attorney, and iv) ask for release. Rule 8.1 of the Arkansas Rules of Criminal Procedure shall apply.
>
> 2. Unless a judicial officer orders otherwise, "without unnecessary delay" shall mean not more than seventy-two (72) hours and the jail staff shall attempt to have each person arrested brought before a judicial officer within seventy-two (72) hours of the arrest for a Rule 8.1 First Appearance Hearing.

> 3. If a person is not taken before a judicial officer within seventy-two (72) hours after being detained, the Sheriff, Chief Deputy, or Jail Administrator is to be notified so that a Rule 5.2 "Sheriff's Citation" release decision can be made and/or a Court Order can be obtained to permit the jail to continue to hold the detainee past seventy-two (72) hours without a Rule 8.1 Hearing.

(Doc. 46-4, pp. 1-2).

Plaintiff alleges in his Complaint that the seven days he was detained prior to his first appearance violated the Due Process Clause of the Fourteenth Amendment. (Doc. 31). Plaintiff claims that Sheriff Montgomery, Jail Administrator Campfield, and Baxter County are jointly responsible for these due process violations. He further maintains that Defendants' failure to properly train and supervise their subordinates deprived him of his constitutional rights. Lastly, he alleges that his bond was unreasonably high in violation of his Eighth Amendment and due process rights. Defendants filed a Motion for Summary Judgment (Doc. 44) requesting that all of Plaintiff's claims be dismissed.

The Magistrate Judge conducted a summary judgment hearing on April 13, 2017, to allow Plaintiff the opportunity to orally respond to the Motion for Summary Judgment and present any evidence he desired. Following the hearing, the Magistrate Judge issued an R&R in which he concluded that, in the totality of the circumstances, Plaintiff's extended detention prior to his initial appearance did not violate the Due Process Clause of the Fourteenth Amendment. Additionally, the Magistrate Judge determined that Sheriff Montgomery could not be held liable for a failure to train or supervise his subordinates concerning extended detentions. Finally, the Magistrate Judge found that because Defendants were not involved in setting Plaintiff's bond, they were entitled to summary judgment on Plaintiff's excessive bond claim. (Doc. 52, pp. 13).

## II. OBJECTIONS

Plaintiff raised several objections to the Magistrate Judge's R&R. These objections fall into three categories: (1) objections relating to the format of the summary judgment hearing; (2) factual objections; and (3) objections relating to the substantive legal arguments.

Beginning with Plaintiff's objections concerning the format of the summary judgment hearing, he complains that: (1) the hearing was held over 100 miles from his home; (2) he was not informed that he had to pay for parking; (3) he was not allowed to bring his smart phone into the hearing; (4) the hearing was set up in a question/answer format as opposed to narrative form; and (5) the Magistrate Judge "lulled [Plaintiff] into a false since (sic) of having defeated summary judgment." (Doc. 57, 1-2).

As to Plaintiff's objections to the R&R's findings of fact, Plaintiff argues that: (1) he was held for eight days, rather than seven days, prior to his first appearance, (2) "[t]here is no set of facts or evidence possible to show that this 'Bench Warrant' applies to my misdemeanor arrest that took place on the morning of 12-12-12," (3) he was not arrested for trying to enter a judge's chambers without an appointment, (4) the arresting officer was not the officer who submitted the probable cause affidavit, and (5) there is no proof that Plaintiff made the phone call that led to his arrest for terroristic threatening. (Doc. 57, p. 3).

Finally, Plaintiff makes the following objections to the substantive legal arguments in the R&R: (1) that the Magistrate Judge was incorrect in finding that Sheriff Montgomery had no prior knowledge of his subordinates "having a pattern of unconstitutional behavior," (Doc. 57, p. 10), and (2) that the Magistrate Judge wrongly concluded that the

4

circumstances surrounding Plaintiff's detention did not shock the conscience of the Court. *Id.* at 11-13. These objections are addressed in detail below.

## III. LEGAL STANDARD

### A. Standard of Review

A district court makes a *de novo* review of any part of a magistrate judge's report and recommendation regarding a dispositive motion "to which [proper] objection is made." 28 U.S.C. § 636(b)(1). A proper objection requires the filing of "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Any part of the report and recommendation that is not objected to in the proper form is reviewed for clear error. *See id.* advisory committee's note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### B. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view all facts and reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To meet its burden, the nonmoving

party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

Only facts "that might affect the outcome of the suit under the governing law" will be considered material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue is one that could lead a jury to find in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587. Absent a showing of "sufficient evidence to support a jury verdict in their favor," summary judgment is proper. *Nat'l Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

## IV. DISCUSSION

### A. Objections to the Format of the Summary Judgment Hearing

Plaintiff's objections to the format of the hearing are not contemplated by 28 U.S.C. § 636(b)(1)(C), as the objections do not relate to specified proposed findings or recommendations in the R&R. Nonetheless, the Court reviewed the audio recording of the summary judgment hearing and finds nothing objectionable about the way that the Magistrate Judge conducted the hearing. Plaintiff's objections are therefore overruled.

### B. Factual Objections

Only facts "that might affect the outcome of the suit under the governing law" will be considered material. *Anderson*, 477 U.S. at 248. In considering Plaintiff's objections to the R&R's findings of fact, the Court has conducted a *de novo* review of the record, the audio recording of the summary judgment hearing, and all evidence submitted by the parties prior to and during the summary judgment hearing.

The Court finds that the factual and evidentiary bases for Plaintiff's underlying misdemeanor and felony charges are completely immaterial to the present case. Thus,

his objections about the R&R's characterization of those facts are similarly immaterial. *See Anderson*, 477 U.S. 248. Plaintiff also objects to the finding that he was detained for seven days prior to his initial appearance. For some reason, Plaintiff believes he was detained for eight days. In examining the record, it is clear that Plaintiff was arrested on December 12, 2012, (Doc. 46-3, pp. 17), and released on December 19, 2012 (Doc. 48-1, pp. 19). No more than seven days passed between his arrest date and his release date. For purposes of summary judgment, a genuine, material issue of fact is one that could lead a jury to find in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587. Here, there is no genuine, material dispute of fact as to the number of days that Plaintiff was detained before his first appearance. His objections to the factual findings in the R&R are therefore overruled.

### C. Legal Objections

#### 1. Individual Liability

The Magistrate Judge recommended granting summary judgment in favor of Defendants in their individual capacities. The recommendation was based on the Magistrate Judge's determination that Plaintiff's extended detention without a first appearance did not shock the conscience. Plaintiff has objected to this finding and believes that the length of time he was detained does shock the conscience.

The Due Process Clause of the Fourteenth Amendment governs the issue of a pretrial detainee's right to a prompt appearance in court after arrest by a warrant. *Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 905 (8th Cir. 1999), *cert. denied*, 528 U.S. 1157 (2000). The Eighth Circuit utilizes the framework established by the Seventh Circuit in *Armstrong v. Squadrito*, 152 F.3d 564 (7th Cir. 1998), to determine whether the Due

Process Clause has been violated. *See Hayes v. Faulkner Cnty., Ark.*, 388 F.3d 669, 673 (8th Cir. 2004); *Luckes v. Cnty. of Hennepin, Minn.*, 415 F.3d 936, 939 (8th Cir. 2005). "Under this framework, we look to the totality of the circumstances and consider: (1) whether the Due Process Clause prohibits the alleged deprivation of rights; (2) whether the defendants' conduct offended the standards of substantive due process; and (3) whether the totality of the circumstances shocks the conscience." *Luckes*, 415 F.3d at 939.

Using the Eighth Circuit's three-part test, this Court must first consider whether Plaintiff was subjected to an extended detention. "[T]he Due Process Clause forbids an extended detention, without a first appearance, following arrest by warrant." *Hayes*, 388 F.3d at 673. "The consequences of prolonged detention may be more serious than the interference occasioned by arrest. Pretrial confinement may imperil the suspect's job, interrupt his source of income, and impair his family relationships." *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975). Rule 8.1 of the Arkansas Rules of Criminal Procedure requires that an arrestee "shall be taken before a judicial officer without unnecessary delay." General Order No. 13 (Doc. 46-4)—which had not formally been adopted by Baxter County at the time of Plaintiff's arrest, but was being used as a guideline—requires that an arrestee's initial appearance occur within 72 hours (or three days) of the date of arrest. (Doc. 46-4, pp. 1-2). Plaintiff's seven-day detention exceeded the three-day requirement by four days. Thus, the Magistrate Judge properly concluded that Defendant was subjected to an extended detention.

However, subjecting an arrestee to an extended detention does not immediately create a constitutional violation. The Court must next determine whether the defendant's

conduct in extending the detention violated the standards of substantive due process. "Deliberate indifference to prisoner welfare may sufficiently shock the conscience to amount to a substantive due process violation." Hayes, 388 F.3d at 674 (citing Cnty. of Sacramento v. Lewis, 523 U.S. 833, 853 (1998)). "[L]iability for deliberate indifference to inmate welfare rests upon the luxury enjoyed by prison officials of having time to make unhurried judgments, upon the chance for repeated reflection, largely uncomplicated by the pulls of competing obligations." Cnty. of Sacramento, 523 U.S. at 853.

In Hayes, the Eighth Circuit determined that the defendant, a jail administrator, "helped promulgate and enforce the deliberately indifferent policy" that resulted in the plaintiff's extended detention by relying upon the court to schedule the detainee's first appearance. 388 F.3d at 674. The arrestee in Hayes was held for 38 days before he was granted his first appearance. Id. Throughout that 38-day period, the defendant "made a conscious decision to do nothing." Id. "That conscious disregard is deliberate indifference violating the standards of due process." Id.

In the instant case, Defendants Montgomery and Campfield relied upon a policy that tasked *the prosecutor's office* with the responsibility of scheduling detainees' first appearances. (Doc. 46-2, pp. 3). County officials were aware that "the law since about 2006 or 2007" required a prompt first appearance. (Doc. 46-2, pp. 1). Yet Defendants did not formally adopt a policy that *guaranteed* a defendant would be granted a prompt first appearance until 2013, when Sheriff Montgomery officially adopted General Order 13. See Doc. 46-2, pp.1. Therefore, at the time of Plaintiff's arrest, Defendants Montgomery and Campfield had "helped promulgate and enforce [a] deliberately indifferent policy" that they knew could potentially result in the violation of an arrestee's

rights. *Hayes*, 388 F.3d at 674. "That conscious disregard is deliberate indifference violating the standards of due process." *Id*.

The third step of the constitutional analysis requires the Court to consider whether, under the totality of the circumstances, the length of the extended detention is such that it shocks the conscience. *Hayes*, 388 F.3d at 674. "This is a question of law." *Id*. at 675. The Eighth Circuit has not "delineate[d] with precision the duration and circumstances of detention that might result in a substantive due process violation." *Luckes*, 415 F.3d at 940. However, many other courts have attempted to do so. Especially helpful to this Court's analysis is the opinion of the Northern District of Alabama in *Alexander v. City of Muscle Shoals*, 766 F. Supp. 2d 1214, 1234–37 (N.D. Ala. 2011), *aff'd sub nom. Alexander v. City of Muscle Shoals, AL*, 444 F. App'x 343 (11th Cir. 2011). In that case, the district court determined that a plaintiff's nine-day detention between arrest and first appearance did not rise to the level of a substantive due process violation. The court came to this conclusion by reviewing the broad landscape of cases that considered the issue, and then summarizing its findings as follows:

> All reported cases finding liability for violation of the substantive due process right to which plaintiff points have involved significantly longer periods of detention without an initial appearance. *E.g., Hayes*, 388 F.3d at 674–75 (holding thirty-eight day pre-appearance detention violated due process); *Armstrong*, 152 F.3d at 577–79 (fifty-seven day detention on civil warrant without an initial appearance constituted a substantive due process violation); *Coleman*, 754 F.2d at 724–25 (eighteen day detention for non-detainable offenses without appearance before magistrate constitutes unconstitutional deprivation of liberty); *Jackson*, 78 F.Supp.2d at 1238, 1241–43 (twenty-eight day detention prior to first appearance violated right); *cf. Afeworki*, 2007 WL 2572293, at *6 (W.D.Wash.2007) (seventeen day delay between arrest and first appearance did not shock the conscience); *Pledger v. Reece*, No. 04–3084, 2005 WL 3783428, at *4 (W.D.Ark. Nov. 10, 2005) (fifteen day delay in release did not amount to Due Process violation).

*Id.* at 1236–37. The *Alexander* court ultimately determined that an arrestee's nine-day detention before his initial appearance did not shock the conscience, since "significantly longer periods of detention without an initial appearance" appeared to be the norm when making such a finding. *Id.* at 1236.

In the case at bar, the Court agrees with the Magistrate Judge that, considering the totality of the circumstances, Plaintiff's seven-day detention is not so shocking to the conscience as to constitute a violation of the Due Process Clause. Following Plaintiff's arrest, a probable cause determination was made less than 24 hours later. (Doc. 46, p. 2). And even though Plaintiff was detained for a total of seven days before his initial appearance, in violation of General Order No. 13's three-day rule, the overall period of delay and the surrounding circumstances do not shock the Court's conscience. Plaintiff's objection is overruled.

### 2. County Liability

The Magistrate Judge also recommended granting summary judgment in favor of the County for official capacity claims related to alleged violations of the Due Process Clause. (Doc. 52, pp. 13). For the reasons set forth in the previous section of the discussion, the Court agrees with the Magistrate Judge's that the official capacity claims should be dismissed, and Plaintiff's objection is overruled.

### 3. Supervisory Liability

Plaintiff's last objection concerns his claim that Defendants' failure to properly train and supervise their respective staffs caused his extended detention. (Doc. 31, pp. 2-5). To maintain a claim for failure to properly train and supervise, Plaintiff must show that: "1) [defendants] [r]eceived notice of a pattern of unconstitutional acts committed by

subordinates; 2) [d]emonstrated deliberate indifference to or tacit authorization of the offensive acts; 3) [f]ailed to take sufficient remedial action; and 4) [t]hat such failure to proximately caused injury to [Plaintiff]." *Parish v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010).

The entire record fails to disclose any evidence that Defendants had prior notice that the process they used to schedule an arrestee's first appearance actually resulted in constitutional violations. Plaintiff was unable to point to any previous instances of extended detentions by other detainees. And Plaintiff's own example was not sufficiently conscience-shocking that it amounted to a violation of his constitutional rights. Defendants cannot be held liable for a failure to train or supervise when they received no prior notice of even a single unconstitutional act. The Court therefore adopts the Magistrate Judge's recommendation to grant summary judgment in favor of Sheriff Montgomery on the failure-to-train claim; and the Court further modifies the R&R to grant summary judgment to both Baxter County and Jail Administrator Campfield on the same claim. Plaintiff's objections to the recommendation are overruled.

## V. CONCLUSION

For the reasons explained herein, Plaintiff's Objections (Doc. 57) are **OVERRULED**. The Court hereby **ADOPTS AS MODIFIED** the R&R. (Doc. 52). Accordingly, the Defendants' Motion for Summary Judgment (Doc. 44) is **GRANTED**. All claims against Defendants are **DISMISSED WITH PREJUDICE**, and judgment will enter accordingly.

**IT IS SO ORDERED** on this 20th day of February, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE